**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EYE SAFETY SYSTEMS, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>SHENZHEN VAKIND TECHNOLOGY CO.,<br>LTD,<br><br>               Defendant. | Case No. 19-cv-00098<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Eye Safety Systems, Inc. ("ESS" or "Plaintiff") hereby brings the present action against Shenzhen Vakind Technology Co., Ltd ("Defendant") and alleges as follows:

**I.   JURISDICTION AND VENUE**

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial website at newfrog.com. Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive websites through

which Illinois residents can purchase products using counterfeit versions of ESS's trademarks. Defendant has targeted sales from Illinois residents by operating a website that offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and has sold products using counterfeit versions of ESS's federally registered trademarks to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused ESS substantial injury in the State of Illinois.

## II.   INTRODUCTION

3.     This action has been filed by ESS to combat Defendant's trading upon ESS's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed counterfeit products, including eyewear, using counterfeits of ESS's federally registered trademarks (the "Counterfeit ESS Products"). ESS is forced to file this action to combat Defendant's counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit ESS Products over the Internet. ESS has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

## III.   THE PARTIES

**The Plaintiff**

4.     ESS is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.     ESS is one of the world's largest suppliers of military, law enforcement, and firefighting protective eyewear including those which prominently display the famous, internationally recognized, and federally registered ESS trademarks (collectively, the "ESS Products"). ESS Products have become enormously popular and even iconic, driven by ESS's

arduous quality standards and innovative design. Among the purchasing public, genuine ESS Products are instantly recognizable as such. In the United States and around the world, the ESS brand has come to symbolize high quality, and ESS Products are among the most recognizable protective eyewear in the world.

6.     ESS Products are distributed and sold to consumers through approved dealers throughout the United States, including through authorized dealers in Illinois, and the official esseyepro.com website.

7.     ESS incorporates a variety of distinctive marks in the design of its various ESS Products. As a result of its long-standing use, ESS owns common law trademark rights in its ESS trademarks. ESS has also registered its trademarks with the United States Patent and Trademark Office. ESS Products typically include at least one of ESS's registered trademarks. Often several ESS marks are displayed on a single ESS Product. ESS uses its trademarks in connection with the marketing of its ESS Products, including the following marks which are collectively referred to as the "ESS Trademarks."

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 2,449,579 | ESS | For: Heavy-duty protective eyewear, namely, googles, and protective facemasks all for industrial use in class 009. |
| 2,994,352 | EYE SAFETY SYSTEMS | For: Heavy-duty protective eyewear, namely, googles, spectacles, glasses, protective facemasks, all for industrial military, law enforcement and firefighting use in class 009. |
| 4,181,665 | ESS | For:  Eyewear; Spectacles in class 009. |

| 4,304,852 | **ESS** | For: protective eyewear and component parts thereof and accessories therefor, namely, eyeglasses, sunglasses, eyeshields, goggles, ophthalmic frames, cases, and prescription lens carriers and prescription lenses therefor; protective eye shields and face shields for use with protective helmets; protective face masks for non-medical purposes; throat protectors for use with goggles and protective helmets; protective work gloves in class 009. |
|---|---|---|
| 5,291,145 | CROSSBOW | For: Protective eyewear, namely, spectacles, eyeshields, goggles, eyeglasses and sunglasses in class 009. |

8.     The above U.S. registrations for the ESS Trademarks are valid, subsisting, in full force and effect, and some are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the ESS Trademarks constitute *prima facie* evidence of their validity and of ESS's exclusive right to use the ESS Trademarks pursuant to 15 U.S.C. § 1057(b). The ESS Trademarks have been used exclusively and continuously by ESS, some since at least as early as 1998, and have never been abandoned. True and correct copies of the United States Registration Certificates for the above-listed ESS Trademarks are attached hereto as **Exhibit 1**.

9.     The ESS Trademarks are exclusive to ESS, and are displayed extensively on ESS Products and in ESS's marketing and promotional materials. Typically, at least one of the ESS Trademarks are included on ESS Products. ESS Products have long been among the most popular protective eyewear in the world and have been extensively promoted and advertised at great expense. In fact, ESS has expended significant resources annually in advertising, promoting and marketing featuring the ESS Trademarks. Because of these and other factors, the ESS name and the ESS Trademarks have become famous throughout the United States.

10.     The ESS Trademarks are distinctive when applied to the ESS Products, signifying to the purchaser that the products come from ESS and are manufactured to ESS's quality standards. Whether ESS manufactures the products itself or licenses others to do so, ESS has ensured that products bearing its trademarks are manufactured to the highest quality standards. The ESS Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the ESS Trademarks is of incalculable and inestimable value to ESS.

11.     ESS operates a website where it promotes and sells genuine ESS Products at esseyepro.com. Sales of ESS Products via the esseyepro.com website represent a significant portion of ESS's business. The esseyepro.com website features proprietary content, images and designs exclusive to ESS.

12.     ESS's innovative marketing and product designs have enabled ESS to achieve widespread recognition and fame and have made the ESS Trademarks some of the most well-known marks in the eyewear industry. The widespread fame, outstanding reputation, and significant goodwill associated with the ESS brand have made the ESS Trademarks valuable assets of ESS.

13.     ESS has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the ESS Trademarks. As a result, products bearing the ESS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from ESS. ESS Products have become among the most popular of their kind in the world.

**The Defendant**

14.     Upon information and belief, Defendant Shenzhen Vakind Technology Co., Ltd is a corporation organized and existing under the laws of the People's Republic of China, and headquartered at Room 301, No 1 Building, XinTianXia Industrial Park, LongPing Road, BanTian, ShenZhen, China 518129.

15.     Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of the fully interactive, commercial website at newfrog.com. Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold, Counterfeit ESS Products to consumers within the state of Illinois through the website at newfrog.com.

## IV.    DEFENDANT'S UNLAWFUL CONDUCT

16.     Defendant operates a fully interactive, commercial website located at newfrog.com.

17.     Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its website at newfrog.com bearing at least one logo, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of Plaintiff's ESS Trademarks (previously defined as the "Counterfeit ESS Products").

18.     Plaintiff's investigator visited Defendant's website at newfrog.com and purchased Counterfeit ESS Products.

19.     The purchased Counterfeit ESS Products were shipped to the State of Illinois.

20.     The purchased Counterfeit ESS Products were inspected, and it was determined that the purchased Counterfeit ESS Products bore counterfeits of the ESS Trademarks.

21.　　　A comparison of the ESS Trademarks to Defendant's Counterfeit ESS Products exemplifies Defendant's infringement of U.S. Trademark Registration No. 2,449,579 for the "ESS" word mark owned by ESS, U.S. Trademark Registration No. 2,994,352 for the "EYE SAFETY SYSTEMS" word mark owned by ESS, U.S. Trademark Registration No. 4,181,665 for the "ESS" word mark owned by ESS, U.S. Trademark Registration No. 4,304,852 for a stylized "ESS" design mark owned by ESS, and U.S. Trademark Registration No. 5,291,145 for the "CROSSBOW" word mark owned by ESS.

| ESS Trademarks | Defendant's Counterfeit ESS Products |
|---|---|
| ESS<br>(Reg. No. 2,449,579) |  |
| EYE SAFETY SYSTEMS<br>(Reg. No. 2,994,352) |  |
| ESS<br>(Reg. No. 4,181,665) |  |
| <br>(Reg. No. 4,304,852) |  |

| CROSSBOW<br>(Reg. No. 5,291,145) |  |
|---|---|

22.     Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the ESS Trademarks and the goodwill associated therewith.

23.     Defendant, without any authorization, license, or other permission from Plaintiff, has used the ESS Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit ESS Products into the United States and Illinois over the Internet.

24.     Defendant's use of infringements and/or counterfeits of the ESS Trademarks in the advertisement, distribution, offering for sale, and sale of the Counterfeit ESS Products was willful.

25.     Defendant's willful use of infringements and/or counterfeits of the ESS Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit ESS Products, including the sale of Counterfeit ESS Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

26.     ESS hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27.     This is a trademark infringement action against Defendant based on Defendant's unauthorized use in commerce of counterfeit imitations of the federally registered ESS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

The ESS Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from ESS Products offered, sold or marketed under the ESS Trademarks.

28.     Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing and advertising products using counterfeit reproductions of the ESS Trademarks without ESS's permission.

29.     ESS is the exclusive owner of the ESS Trademarks. ESS's United States Registrations for the ESS Trademarks (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendant has knowledge of ESS's rights in the ESS Trademarks, and is willfully infringing and intentionally using counterfeits of the ESS Trademarks. Defendant's willful, intentional, and unauthorized use of the ESS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit ESS Products among the general public.

30.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31.     ESS has no adequate remedy at law, and if Defendant's actions are not enjoined, ESS will continue to suffer irreparable harm to its reputation and the goodwill of its well-known ESS Trademarks.

32.     The injuries and damages sustained by ESS have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit ESS Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

33.     ESS hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34.     Defendant's promotion, marketing, offering for sale, and sale of Counterfeit ESS Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with ESS or the origin, sponsorship, or approval of Defendant's Counterfeit ESS Products by ESS.

35.     By using the ESS Trademarks on the Counterfeit ESS Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit ESS Products.

36.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit ESS Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

37.     ESS has no adequate remedy at law and, if Defendant's actions are not enjoined, ESS will continue to suffer irreparable harm to its reputation and the goodwill of its ESS brand.

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, *et seq.*)**

38.     ESS hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39.     Defendant has engaged in acts violating Illinois law, including, but not limited to, passing off its Counterfeit ESS Products as those of ESS; causing a likelihood of confusion and/or misunderstanding as to the source of its goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine ESS Products; representing that its Counterfeit ESS Products have ESS's approval when they do not; and other conduct which creates a likelihood of confusion or misunderstanding among the public.

40.     The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

41.     ESS has no adequate remedy at law, and Defendant's conduct has caused ESS to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, ESS will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

### PRAYER FOR RELIEF

WHEREFORE, ESS prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the ESS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ESS Product or is not authorized by ESS to be sold in connection with the ESS Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine ESS Product or any other product produced by ESS, that is not ESS's or not produced under the authorization, control, or supervision of ESS and approved by ESS for sale under the ESS Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendant's Counterfeit ESS Products are those sold under the authorization, control or supervision of ESS, or are sponsored by, approved by, or otherwise connected with ESS;

   d. further infringing the ESS Trademarks and damaging ESS's goodwill; and

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for ESS, nor authorized by ESS to be sold or offered for sale, and which bear any of ESS's trademarks, including the ESS Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through e, supra;

3) That Defendant account for and pay to ESS all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the ESS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That ESS be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of two million dollars ($2,000,000) for each and every use of the ESS Trademarks;

5) That ESS be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, ESS hereby demands a trial by jury as to all issues so triable.

Dated this 4th day of January 2019.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiff Eye Safety Systems, Inc.*