IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EYE SAFETY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN VAKIND TECHNOLOGY CO., LTD, <br><br> Defendant. | Case No. 19-cv-00098 <br><br> **Judge Gary Feinerman** <br><br> **Magistrate Judge Sidney I. Schenkier** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF AN ORDER DIRECTING
SERVICE OF PROCESS ABROAD PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Plaintiff Eye Safety Systems, Inc. ("ESS" or "Plaintiff") moves the Court for entry of an order directing service of process by e-mail under Fed. R. Civ. P. 4(f)(3). In support, Plaintiff states as follows:

**I.  INTRODUCTION**

Plaintiff brings this action against Shenzhen Vakind Technology Co., Ltd ("Defendant") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). Plaintiff submits that providing notice of this action by e-mail delivery constitutes notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and affords Defendant the opportunity to present its objections. *See Luxottica Group S.p.A., et al. v. Lightinthebox Holding Co., Ltd., et al.*, No. 16-cv-5314 (N.D. Ill. Mar. 6, 2018) (Docket Entry No. 24) (Dow, J.) (entering order directing service by mail delivery and e-mail delivery as to Hong Kong and China-based corporations).

1

## II.     STATEMENT OF FACTS

ESS is one of the world's largest suppliers of military, law enforcement, and firefighting protective eyewear including those which prominently display the famous, internationally recognized, and federally registered ESS trademarks (collectively, the "ESS Products").  [1] at ¶ 5.  Additional facts relating to ESS and Defendant's selling and offering for sale of sunglasses featuring counterfeits of Plaintiff's trademarks, and infringements of Plaintiff's trademarks on Defendant's website at newfrog.com, as laid out in Plaintiff's Complaint, are incorporated by reference.  [1] at ¶¶ 4-41.

**Defendant**

Upon information and belief, Defendant Shenzhen Vakind Technology Co., Ltd is a corporation organized and existing under the laws of the People's Republic of China, and headquartered at Room 301, No 1 Building, XinTianXia Industrial Park, LongPing Road, BanTian, ShenZhen, China 518129.  Declaration of Allyson Martin (the "Martin Declaration") at ¶ 2.  Upon information and belief, Defendant operates the website at newfrog.com.  *Id* at ¶ 3.  The "Contact Us" page at newfrog.com lists service@newfrog.com as an email address.  *Id*. at ¶ 4.  The "Intellectual Property" page at newfrog.com lists Legal@whosebilling.com as an email address.  *Id*. at ¶ 5.  The "NewFrog Blog" page at newfrog.com lists branding@newfrog.com as an email address.  *Id*. at ¶ 6. The "Newfrog Official YouTube Channel" on youtube.com, linked from multiple pages at newfrog.com, lists affiliate@newfrog.com as an email address. *Id*. at ¶ 7.

## MEMORANDUM OF LAW

**II.     ARGUMENT**

Under Federal Rule of Civil Procedure 4(f)(3), service on individuals in a foreign country may be made "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Upon information and belief, Defendant is a business incorporated and located in China. Martin Declaration at ¶ 2. Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including the Northern District of Illinois, have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.* at 1018; *see also, MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding e-mail and facsimile service appropriate); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing e-mail service); s*ee also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-1018; other citations omitted) (holding that "in certain circumstances ... service of process via electronic mail ... is appropriate and may be authorized by the Court under

3

Rule 4(f)(3) of the Federal Rules of Civil Procedure"). ESS submits that allowing service by e-mail in the present case is appropriate and comports with constitutional notions of due process.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props. v. Rio Intern. Interlink,* 284 F.3d 1007, 1014-15 (9th Cir. 2002). As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)"). As such, this Court may allow Plaintiff to serve Defendant via e-mail.

The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention"). Martin Declaration at ¶ 8. The Hague Convention does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email service. *Id.* Numerous courts have authorized alternative service pursuant to Fed. R. Civ. P. 4(f)(3) even when the defendant resides in a country that is a signatory to the Hague Convention, including against China-based defendants. *Sulzer Mixpac AG v. Medenstar Indus.*

*Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same). Courts have also agreed that service by email is not prohibited by the Hague Convention. *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) (holding that "[t]he Hague Convention does not prohibit service by e-mail or facsimile"); *Nanya Tech. Corp. v. Fujitsu, Ltd.*, 2007 U.S. Dist. LEXIS 5754, at *7 (D. Guam Jan. 25, 2007). Additionally, the law of the People's Republic of China does not appear to prohibit electronic service of process. Martin Declaration at ¶ 9.

Courts have also held that communications to email addresses listed on a defendant's website comport with due process: "[w]hile email communications may also go astray or fail to come to the relevant individuals' attention, the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Sulzer Mixpac AG*, 312 F.R.D. at 332.

As such, Plaintiff respectfully requests this Court's permission to serve Defendant via e-mail delivery to service@newfrog.com, Legal@whosebilling.com, branding@newfrog.com, and affiliate@newfrog.com.

5

**REQUESTED RELIEF**

Plaintiff respectfully requests that it be permitted to provide notice of these proceedings to Defendant, including service of process, pursuant to Fed. R. Civ. P. 4(f)(3) via e-mail delivery to service@newfrog.com, Legal@whosebilling.com, branding@newfrog.com, and affiliate@newfrog.com.

It is respectfully submitted that providing notice via e-mail delivery constitutes notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford Defendant the opportunity to present its objections.

Dated this 14th day of January 2019.     Respectfully submitted,

    /s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiff Eye Safety Systems, Inc.*